JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-213 JGB (SPx)** | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Crystal Ketchup v. Gruma Corporation* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order REMANDING Case to San Bernardino County Superior Court (IN CHAMBERS)

Before the Court is a Notice of Removal filed by Defendant Gruma Corporation ("Defendant" or "Gruma"). ("Notice of Removal," Dkt. No. 1.) After considering the Notice of Removal, the Court *sua sponte* REMANDS the case to the Superior Court of the State of California for the County of San Bernardino.

## I.  BACKGROUND

On August 10, 2022, Plaintiff Crystal Ketchup ("Plaintiff" or "Ms. Ketchup") filed a complaint against Defendant (erroneously sued as Mission Foods) in the Superior Court of California for the County of San Bernardino. ("Complaint," Notice of Removal. Ex. A, Dkt. No. 1-2.) The Complaint appears to assert a single cause of action for race discrimination; no specific statute is specified. (See id.) According to Defendant, the summons and complaint have not been served on Gruma. (Notice of Removal ¶ 1.)

On February 10, 2023, Defendant removed to this Court. (Notice of Removal.) Defendant removed on the basis of diversity jurisdiction, asserting that Plaintiff is a citizen of California, it is a citizen of Nevada, and the amount in controversy exceeds $75,000. (Id. ¶¶ 9-22.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]"). "[A]ny doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

The district court may remand the case *sua sponte* or on the motion of a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The Court must ordinarily address any jurisdictional questions first, before reaching the merits of a motion or case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514 (1868). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

When a state-court complaint alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls, unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402-404 (9th Cir. 1996). "In determining the amount in controversy, courts first look to the complaint." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87-88 (2014). However, where the plaintiff contests the removing defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in controversy requirement has been satisfied." Id. at 82. Conversely, "[w]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 793 (9th Cir. 2018); see also Dart Cherokee, 574 U.S. at 82. "Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a

prospective assessment of [the] defendant's liability." Lewis v. Verizon Comm'ns. Inc., 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Campbell v. Vitran Express, Inc., 471 F. App'x. 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). "If a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy . . ." Fritsch, 899 F.3d at 788.

### III. FACTS

Ms. Ketchup applied for an open position at Mission Foods via Indeed Platform on or about May 15, 2022. (Complaint ¶ 1.) A notice was sent via Indeed to Plaintiff inviting her to an open house event on May 17, 2022 from 9 a.m. to 12 p.m. (Id. ¶ 2.) Plaintiff appeared at the event (at an unspecified time), but was told by Mission Foods that the event ended at 11 a.m., and no interviews would be given. (Id. ¶ 3.) Plaintiff watched "in disbelief" as others were interviewed and applications were continually accepted. (Id. ¶ 4.) Plaintiff recorded footage on a device to show that Defendant "did commit the act of Discrimination based on unconstitutional bias also known as systemic racism (color) and Plaintiff Crystal Ketchup's state of *displacement*." (Id. ¶ 5.)[1] Plaintiff was scheduled for the event per the notice and had a reasonable expectation of employment. (Id. ¶ 6.) As a result of Defendant's unlawful conduct, Plaintiff suffered "emotional duress to include public humiliation as the contingency of the offer was removed or withdrawn due to [her] color and state of displacement." (Id. ¶ 9.) Therefore, Plaintiff is in "full demand of $25,000 . . . for the emotional and mental injury sustained on May 17, 2022." (Prayer for Relief.) Plaintiff filed the Complaint *pro se*. (See id.)

### IV. DISCUSSION

#### A. Citizenship

A defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. Complete diversity of citizenship is required, i.e., "the citizenship of each plaintiff [must be] different from that of each defendant." Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009).

Ms. Ketchup appears to be a citizen of California, while Defendant appears to be a citizen of Nevada. (See Notice of Removal ¶¶ 11, 13.) There appears to be complete diversity among the parties.

#### B. Amount in Controversy

---

[1] The Court is not sure what this means. Neither the Complaint nor the Notice of Removal explains what a "state of displacement" is.

The removing defendant bears the burden of proving the amount in controversy [in excess of $75,000] has been met. <u>Lowdermilk v. United States Bank Nat'l Ass'n</u>, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. <u>Dart Cherokee</u>, 574 U.S. at 88. If the court or opposing party questions the defendant's allegations, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. <u>Gaus</u>, 980 F.2d at 566-67.

The Complaint does not allege that the amount in controversy exceeds $75,000. (<u>See</u> Complaint.) Defendant concedes that there are no lost wages or lost benefits at issue, although, as noted below, primarily relies on cases involving such claims. (<u>See</u> Notice of Removal ¶¶ 18, 22.) The Court must determine whether Defendant met its burden in plausibly alleging that the amount in controversy meets the jurisdictional threshold. As explained below, the Court finds that Defendant's estimates for emotional distress damages, punitive damages and attorney's fees are exceedingly speculative or inapplicable.

1. **Lost Wages**

Defendant concedes that lost wages are not at issue, at it must, because Plaintiff was allegedly never interviewed or hired by Defendant. (<u>See</u> Complaint ¶¶ 3, 6; Notice of Removal ¶ 18.)

2. **Prospective Attorney's Fees**

Courts must include future attorneys' fees recoverable by statute in determination of the amount in controversy. <u>Fritsch</u>, 899 F. 3d at 794 (9th Cir. 2018). Defendant claims, "[a]ssuming that Plaintiff retains counsel at an hourly rate of $400, and conservatively estimating that Plaintiff's counsel will spend 200 hours litigating Plaintiff's claims to verdict (not an unreasonable number of hours to estimate following written discovery, depositions, motion practice, trial preparation and trial), the attorneys' fees alone (calculated as [$400 hourly rate x 200 hours = $80,000] exceed $75,000.00." (Notice of Removal ¶ 20.)

The Court would not accept this speculative calculation, for which Defendant has not provided a single piece of evidence or cited a single case in support, even if Plaintiff were represented by counsel. But the Notice of Removal contains a glaring omission: Plaintiff filed the Complaint *pro se* and is still proceeding *pro se* in this Court. (<u>See</u> Complaint.) Defendant has provided no authority for the proposition that a *pro se* litigant's attorney's fees count toward the amount in controversy requirement. That is because they do not: courts unanimously agree that a "*pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees." <u>Kay v. Ehrler</u>, 499 U.S. 432, 435 (1991). It is obvious from the Complaint that Ms. Ketchup is not a lawyer and Defendant does not claim otherwise. (<u>See</u> Complaint; Notice of Removal.) Defendant has provided no basis to believe that Ms. Ketchup may hire a lawyer at some point in the future or,

again, any authority that suggests a court may (let alone is required to) consider a potential award of attorney's fees when the party is presently proceeding *pro se.*

Attorney's fees are not at stake for purposes of calculating the amount in controversy.

### 3. Emotional Distress Damages

Defendant relies on Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) for the general proposition that damages in a successful employment discrimination may be substantial. (Notice of Removal ¶ 19.) Defendant argues that "[o]ther courts have found the jurisdictional amount satisfied in employment lawsuits where the specified damages were similar the damages Plaintiff seeks here." (Id. ¶ 22.) In support of that proposition, Defendant provides a three-case string citation:

> See Simmons, 209 F.Supp.2d at 1031 (jurisdictional minimum was satisfied in an employment discrimination case where plaintiff's lost wages totaled $25,600, but plaintiff also sought unspecified amounts in attorney's fees, punitive damages, and emotional distress damages); White v. FCI USA, Inc., 319 F.3d 672, 675-76 (5th Cir. 2003) (jurisdictional minimum was satisfied in a wrongful termination case even though Plaintiff had only specified $13,000 in damages from lost income because plaintiff also sought unspecified amounts for loss of pay, impaired earning capacity, pre-judgment interest, court costs, and emotional distress, attorneys' fees and punitive damages); Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1996) (former $50,000 jurisdictional minimum was met where the plaintiff sought approximately $30,000 for violation of contract, as well as additional tort damages and punitive damages).

(Id.) A district court may consider emotional distress damage awards in "similar" cases when calculating the amount in controversy. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), as amended on denial of reh'g and reh'g en banc (Feb. 13, 2006); Johnson v. Hertz Loc. Edition Corp., 2017 WL 111296, at *3 (C.D. Cal. Jan. 9, 2017). "To establish probable emotional distress damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts." Daley v. Walmart Stores, Inc., 2018 WL 3104630, at *5 (C.D. Cal. June 21, 2018). "While settlements and jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." Aguilar v. Wells Fargo Bank, N.A., 2015 WL 6755199, at *5 (C.D. Cal. Nov. 4, 2015) (quoting Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012)). District courts may "demand[] a high level of factual similarity." Daley, 2018 WL 3104630, at *5. Where a defendant fails to provide closely analogous authorities, or to thoroughly explain why an award is factually similar to the case at hand, a district court may find the argument too speculative to credit and will decline to include emotional distress damages in the amount in

controversy. See Reyes v. Staples Off. Superstore, LLC, 2019 WL 4187847, at *4 (C.D. Cal. Sept. 3, 2019); Toral v. Sodexo, Inc., 2015 WL 13310279, at *3 (C.D. Cal. July 24, 2015); Bezabeh v. Envirobusiness, Inc., 2017 WL 4271210, at *4 (C.D. Cal. Sept. 25, 2017).

Defendant's showing as to emotional distress damages is deficient in multiple respects. To begin, Defendant simply restates at a high level of generality some of the issues in those three cases, rather than analogizing to the facts here. (See Notice of Removal.) The Court rejects Defendant's "mere[] cit[ation] to a list of other employment cases . . . without analogizing or explaining how those cases are similar to this instant action." Barrera v. Albertsons LLC, 2019 WL 1220764, at *3 (C.D. Cal. Mar. 15, 2019). Even if the Court were to consider these three authorities, none of them are closely analogous to the instant dispute, let alone "factually identical." Aguilar, 2015 WL 6755199, at *5. Simmons did not even discuss a specific potential emotional distress award and involved lost wages of $25,600, medical expenses, and other issues not applicable here. See 209 F. Supp. 2d at 1031-32. Defendant's own characterization of White reveals how obviously far afield it is: it was a wrongful termination case involving lost income, impaired earning capacity, pre-judgment interest, and other factors dissimilar to the instant action. See 319 F.3d at 675-76. The first sentence of Singer's recitation of the facts reveals that it has literally nothing to do with the instant action: "Mr. Singer was injured in an automobile accident with an uninsured driver." 116 F. 3d at 374.

Because Defendant's "estimate for Plaintiff's emotional distress claim is based on speculation and not supported by facts," Defendant fails to plausibly allege how the recovery for emotional distress damages would, by itself or in conjunction with the punitive damages discussed below, exceed the amount in controversy threshold. Barrera, 2019 WL 1220764, at *3. To the extent emotional distress damages count toward the amount in controversy, the Court does not find they exceed the "full demand of $25,000" prayed for by Plaintiff in the Complaint. (See Complaint, Prayer for Relief.)

### 4. Punitive Damages

Defendant claims that "punitive damages are potentially available and should also [sic] included in calculating the amount placed in controversy." (Notice of Removal ¶ 21.) A district court may include punitive damages in the amount of controversy calculation under certain circumstances. See Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). However, "courts have often rejected such arguments where defendant fails to show that the cited cases have analogous facts to the action at issue, and have declined to find that the amount in controversy is satisfied where defendants' arguments regarding the amount of punitive damages are deemed too speculative." Molnar v. 1-800-Flowers.com, Inc., 2009 WL 481618, at *6 (C.D. Cal. Feb. 23, 2009).

Defendant does not cite a single case in support of its punitive damages argument, other than those cited for the basic proposition that, in some circumstances, punitive damages can count toward the amount in controversy. (See Notice of Removal ¶ 21.) To the extent Plaintiff relies upon the three cases discussed above, the Court again finds they have no bearing on the

analysis because they are not remotely analogous to the instant action.  The Court can readily determine that the sparse facts pled in the Complaint may not state a claim for relief, let alone sustain a punitive damages award; Defendant is surely award of the same deficiencies.  (See Complaint.)  Because Defendant has not proffered a single authority that would suggest an award of punitive damages is possible on the alleged facts, let alone likely or probable, the Court has no basis to conclude punitive damages in the amount in controversy calculation.  See Killion v. Autozone Stores Inc., 2011 WL 590292, at *2 (C.D. Cal. Feb. 8, 2011); Reyes, 2019 WL 4187847, at *4; Hill v. Avis Budget Car Rental, LLC, 2014 WL 1325556, at *3 (C.D. Cal. Apr. 2, 2014).

   5.  **Summary**

Defendant fails to plausibly allege that the amount in controversy exceeds $25,000, let alone $75,000.  Any doubt regarding the existence of subject matter jurisdiction should be resolved in favor of remanding the action to state court.  Gaus, 980 F.2d at 566.  Because Defendant failed to plausibly allege the requisite amount in controversy in the Notice of Removal, the Court finds it lacks subject matter jurisdiction over the action.[2]  As such, it is required to remand.  See 28 U.S.C. § 1447.

### V.    CONCLUSION

For the reasons above, the Court REMANDS the action to the Superior Court for the County of San Bernardino.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

---

[2] Nor does the Court see how Defendant could meet its burden to show the propriety of removal at a later date even if given an opportunity to augment its showing here.  The facts pled in the Complaint simply do not place $75,000 in controversy.